UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ———————————— x | | |
| RICHARD MEDOFF, Individually and On Behalf Of All Others Similarly Situated, | : | Civil Action No. 1:09-cv-00554-S-DLM |
| | : | |
| | : | MEMORANDUM IN SUPPORT OF THE |
| Plaintiff, | : | MOTION OF THE MASSACHUSETTS |
| | : | RETIREMENT SYSTEMS FOR |
| vs. | : | APPOINTMENT AS LEAD PLAINTIFF |
| | : | AND APPROVAL OF SELECTION OF |
| CVS CAREMARK CORPORATION, | : | LEAD AND LIAISON COUNSEL |
| THOMAS M. RYAN, DAVID RICKARD and | : | |
| HOWARD McCLURE, | : | |
| | : | |
| Defendants. | : | |
| | : | |
| ———————————— x | | |

## I.    PRELIMINARY STATEMENT

Presently pending before this Court is a securities class action lawsuit (the "Action") brought on behalf of all purchasers of the common stock of CVS Caremark Corporation ("CVS Caremark" or the "Company") between May 5, 2009 and November 4, 2009, inclusive (the "Class Period"). The Action alleges violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. §78) and the Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5).

Institutional investors City of Brockton Retirement System ("Brockton"), Plymouth County Retirement System ("Plymouth"), and Norfolk County Retirement System ("Norfolk") (collectively, the "Massachusetts Retirement Systems") hereby move this Court for an Order to: (i) appoint the Massachusetts Retirement Systems as Lead Plaintiff in the Action under Section 21D(a)(3)(B) of the Exchange Act; and (ii) approve the Massachusetts Retirement Systems's selection of the law firms of Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") and Labaton Sucharow LLP ("Labaton Sucharow") to serve as Lead Counsel and the law firm of Boisseau & Dean LLP ("Boisseau & Dean") to serve as Liaison Counsel.

This motion is made on the grounds that the members of the Massachusetts Retirement Systems are the most adequate plaintiffs, as defined by the PSLRA. The members of the Massachusetts Retirement Systems are precisely the types of institutional investors that Congress sought to summon and empower when it enacted the PSLRA. *See Ferrari v. Impath, Inc*., No. 03 Civ. 5667 (DAB), 2004 U.S. Dist. LEXIS 13898, at *10 (S.D.N.Y. July 20, 2004) (holding that the purpose behind the PSLRA is best achieved by encouraging institutional investors to serve as lead plaintiffs). Moreover, as institutional investors, the members of the Massachusetts

Retirement Systems are accustomed to acting as fiduciaries and their experience in legal and financial matters will substantially benefit the Class.

During the Class Period, the Massachusetts Retirement Systems incurred a substantial loss on their transactions in CVS Caremark common stock - $318,729.29 under the first-in-first-out ("FIFO") loss calculation methodology and $309,034.17 under the last-in-first-out ("LIFO") loss calculation methodology. *See* Kusinitz Decl., Ex. B.[1]  To the best of their knowledge, this is the greatest loss sustained by any moving Class member or Class member group who has brought suit or filed an application to serve as Lead Plaintiff in this Action.  In addition, the Massachusetts Retirement Systems, for the purposes of this motion, adequately satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure in that their claims are typical of the claims of the putative Class and that they will fairly and adequately represent the interests of the Class.

## II.    FACTUAL BACKGROUND[2]

Since its March 2007 $22 billion acquisition of pharmacy benefits manager Caremark Rx Inc. ("Caremark"), CVS Caremark is a fully-integrated pharmacy services company and operates in two business segments:  pharmacy services and retail pharmacy.  The pharmacy services business includes the Company's pharmacy benefit management business, commonly known as the PBM business, which was acquired in the Caremark acquisition in 2007.  The PBM business is the principal component of the pharmacy services business segment.

---

[1]    References to the "Kusinitz Decl., Ex. __" are to the exhibits attached to the accompanying Declaration of Barry J. Kusinitz, dated January 19, 2010 and submitted herewith.

[2]    These facts are drawn from the allegations in the complaint, filed on November 17, 2009.

The complaint charges CVS Caremark and certain of its officers and directors with violations of the Exchange Act. The complaint alleges that, throughout the Class Period, defendants made numerous positive statements regarding the Company's financial condition, business and prospects. The complaint further alleges that CVS Caremark failed to disclose operating problems in the PBM business, the more than $6 billion in contractual losses for 2010, and the adverse impact this would have on its 2010 financial results. According to the complaint, CVS Caremark belatedly disclosed that the Federal Trade Commission ("FTC") had begun a "nonpublic investigation" in August 2009 into whether CVS Caremark's business practices and service offerings violated antitrust laws. Among the business practices of CVS Caremark that the FTC is reportedly investigating is the improper use of pricing and patient data from its retail pharmacy operations to steer its PBM members to CVS Caremark stores.

On November 5, 2009, CVS Caremark announced the disclosures of the adverse material facts concerning the PBM business and their adverse impact on CVS Caremark's financial results for 2010, and the FTC investigation. In response to this announcement, the price of CVS Caremark common stock fell 20 percent to close at $28.87 per share.

## III.    ARGUMENT

### A.    The Massachusetts Retirement Systems Should Be Appointed Lead Plaintiff

#### 1.    The Procedure Required by the PSLRA

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment

as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i).  Plaintiff in the Action caused notice regarding the pendency of the Action to be published on *Business Wire*, a national, business oriented newswire service, on November 17, 2009.  *See* Kusinitz Decl., Ex. A. Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action.  15 U.S.C. §§ 78u-4(a)(3)(A) and (B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class who the Court determines to be most capable of adequately representing the interests of class members.  *See* 15 U.S.C. §78u-4(a)(3)(B).  In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that
>
> (aa) has either filed the complaint or made a motion in response to a notice. . .
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).  *See generally City of Roseville Employees' Ret. Sys. v. Textron Inc.*, C.A. No. 09-00367-ML, 2009 WL 4545161, at *1 (D.R.I. Dec. 4, 2009); *Greebel v. FTP Software*, 939 F. Supp. 57, 64 (D. Mass. 1996).

2.    **The Massachusetts Retirement Systems Satisfy the "Lead Plaintiff" Requirements of the Exchange Act**

a.    **The Massachusetts Retirement Systems Have Complied with the Exchange Act and Should Be Appointed Lead Plaintiff**

The time period in which Class members may move to be appointed Lead Plaintiff herein under 15 U.S.C. §78u-4(a)(3)(A) and (B) expires on January 19, 2010.  Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice on November 17, 2009, the Massachusetts Retirement Systems timely move this Court to be appointed Lead Plaintiff on behalf of all members of the Class.

The members of the Massachusetts Retirement Systems have duly signed and filed certifications stating that they are willing to serve as representative parties on behalf of the Class. *See* Kusinitz Decl., Ex. C.  In addition, the Massachusetts Retirement Systems have selected and retained competent counsel to represent themselves and the Class.  *See* Kusinitz Decl., Exs. D-E. Accordingly, the Massachusetts Retirement Systems have satisfied the individual requirements of 15 U.S.C. §78u4(a)(3)(B) and are entitled to have their application for appointment as Lead Plaintiff and approval of selection of Lead and Liaison Counsel as set forth herein, considered and approved by the Court.

b.    **The Massachusetts Retirement Systems Have the Requisite Financial Interest in the Relief Sought by the Class**

During the Class Period, as evidenced by, among other things, the accompanying signed certifications, *see* Kusinitz Decl., Ex. C, the Massachusetts Retirement Systems incurred a substantial loss on their transactions in CVS Caremark common stock - $318,729.29 under the FIFO methodology and $309,034.17 under the LIFO methodology.  *See* Kusinitz Decl., Ex. B. The Massachusetts Retirement Systems thus have a significant financial interest in this case.

- 5 -

c.      **The Massachusetts Retirement Systems Otherwise**
**Satisfy Rule 23**

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *See In re Lernout & Hauspie Sec. Litig.,* 138 F. Supp. 2d 39, 46 (D. Mass. 2001). The members of the Massachusetts Retirement Systems satisfy both the typicality and adequacy requirements of Rule 23, thereby justifying their appointment as Lead Plaintiffs.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability. *See In re Bank of Boston Corp. Sec. Litig.*, 762 F. Supp. 1525, 1532 (D. Mass. 1991). Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which

- 6 -

determines whether the class representatives are typical. *See Sofran v. LaBranche & Co.*, 220 F.R.D. 398, 402 (S.D.N.Y. 2004) ("The possibility of factual distinctions between the claims of the named plaintiffs and those of other class members does not destroy typicality, as similarity of legal theory may control even in the face of differences of fact.")(citation omitted).    The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical. *See Ferrari*, 2004 U.S. Dist. LEXIS 13898, at *18.

The members of the Massachusetts Retirement Systems satisfy this requirement because, just like all other Class members, they: (1) purchased CVS Caremark common stock during the Class Period; (2) were adversely affected by defendants' false and misleading statements; and (3) suffered damages as a result thereof.  Thus, the Massachusetts Retirement Systems's claims are typical of those of other Class members since their claims and the claims of other Class members arise out of the same course of events.

Under Rule 23(a)(4), the representative parties must also "fairly and adequately protect the interests of the class."  In order to meet the adequacy requirement: (1) there should be no conflict between the interests of the class and the named plaintiff nor should there be collusion among the litigants; and (2) the parties' attorney must be qualified, experienced, and generally able to conduct the proposed litigation. *See Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 130 (1st Cir. 1985); *Lernout & Hauspie,* 138 F. Supp. at 46; *Modell v. Eliot Sav. Bank*, 139 F.R.D. 17, 23 (D. Mass. 1991).

Here, the members of the Massachusetts Retirement Systems are adequate representatives of the Class.  As evidenced by the injuries suffered by the Massachusetts Retirement Systems and the Class, the interests of the Massachusetts Retirement Systems are clearly aligned with the

members of the Class, and there is no evidence of any antagonism between the Massachusetts Retirement Systems's interests and those of the other members of the Class. Further, the Massachusetts Retirement Systems have taken significant steps which demonstrate they will protect the interests of the Class: they have retained competent and experienced counsel to prosecute these claims. Thus, the Massachusetts Retirement Systems *prima facie* satisfy the typicality and adequacy requirements of Rule 23 for the purposes of this motion.

> **d.    The Members of the Massachusetts Retirement Systems Are Precisely the Type of Lead Plaintiffs Congress Envisioned When it Passed the PSLRA**

The Congressional objective in enacting the lead plaintiff provisions of the PSLRA was to encourage large, organized institutional investors to play a more prominent role in securities class actions. *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), reprinted in 1995 U.S.C.C.A.N. 679, 733 ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions.").

Congress reasoned that increasing the role of institutional investors, which typically have a large financial stake in the outcome of the litigation, would be beneficial because institutional investors with a large financial stake are more apt to effectively manage complex securities litigation. Brockton manages more than $390 million in assets for more than 1,889 active and 1,300 retired members throughout the City of Brockton, Massachusetts. Plymouth represents more than 9,700 active and retired public employees of Plymouth County, Massachusetts, and manages approximately $636 million in assets. Norfolk has over 9,500 active and retired members from 40 governmental units throughout the County of Norfolk, Massachusetts, and has approximately $500 million in assets. In addition, Brockton, Plymouth, and Norfolk enjoy a long-standing, pre-existing working relationship and share joint membership in Massachusetts-

based retirement system organizations.    Moreover, because each of the Massachusetts Retirement Systems has served as lead plaintiff in other securities actions, *see* Kusinitz Decl., Ex. C, their experience overseeing securities litigation will be a great benefit to the Class.    Thus, the Massachusetts Retirement Systems have the requisite experience and expertise to vigorously represent the Class in leading this action.    Brockton, Plymouth, and Norfolk are sophisticated institutional investors with vast resources sufficient to adequately litigate this action and supervise Class counsel.    *See In re Cendant Corp. Litig.*, 264 F.3d 201,  264 (3d Cir. 2001) (noting that the legislative intent behind enacting the PSLRA was to encourage large institutional investors to serve as lead plaintiff); *see also Weiss v. Friedman, Billings, Ramsey Group, Inc.,* No. 05-cv-04617 (RJH), 2006 WL 197036, at *1 (S.D.N.Y Jan. 25, 2006) (same).    Thus, as demonstrated above, the Massachusetts Retirement Systems are the prototypical Lead Plaintiff under the PSLRA.

**B.    The Court Should Approve the Massachusetts Retirement Systems's Choice of Counsel**

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class it seeks to represent.    In that regard, the Massachusetts Retirement Systems has selected the law firms of Coughlin Stoia and Labaton Sucharow as Lead Counsel, firms which have substantial experience in the prosecution of shareholder and securities class actions.

Coughlin Stoia has substantial experience in the prosecution of shareholder and securities class actions, including serving as lead counsel in *In re Enron Corp. Securities Litigation*, No. H-01-3624 (S.D. Tex.), in which Coughlin Stoia has obtained recoveries which represent the largest recovery ever obtained in a shareholder class action.    *See* Kusinitz Decl., Ex. D.    Specifically, the court in *Enron* stated:

> The firm is comprised of probably the most prominent securities class action attorneys in the country. It is not surprising that Defendants have not argued that counsel is not adequate. Counsel's conduct in zealously and efficiently prosecuting this litigation with commitment of substantial resources to that goal evidences those qualities is evident throughout this suit.

*In re Enron Corp. Sec. Derivative & "ERISA" Litig.*, No. H-01-3624, 529 F.Supp. 2d 644, 675 (S.D. Tex. 2006).

Labaton Sucharow has had a leading role in numerous important actions on behalf of defrauded investors. Labaton Sucharow served as lead counsel in the *Waste Management* securities litigation, which resulted in a settlement of $457 million, one of the largest common-fund securities class action settlements ever achieved at that time. *See In re Waste Mgmt., Inc. Sec. Litig.*, 128 F. Supp. 2d 401, 432 (S.D. Tex. 2000) (stating that Labaton Sucharow "ha[s] been shown to be knowledgeable about and experienced in federal securities fraud class actions"). Moreover, in *In re Monster Worldwide, Inc. Securities Litigation*, No. 07-cv-2237 (S.D.N.Y. filed Mar. 15, 2007), Judge Jed Rakoff appointed Labaton Sucharow as lead counsel, stating that "the Labaton firm is very well known to . . . courts for the excellence of its representation." (*Id.*, Hr'g Tr. 24:25-25:1, June 14, 2007).

The Massachusetts Retirement Systems's choice of liaison counsel, Boisseau & Dean, has substantial experience in the prosecution of complex litigation in this District. Accordingly, the Court should approve the Massachusetts Retirement Systems's selection of Lead and Liaison Counsel.

## IV.    CONCLUSION

For all the foregoing reasons, the Massachusetts Retirement Systems respectfully request that the Court: (i) appoint the Massachusetts Retirement Systems as Lead Plaintiff in the Action; (ii) approve their selection of Lead and Liaison Counsel as set forth herein; and (iii) grant such other relief as the Court may deem just and proper.

- 10 -

DATED:  January 19, 2010

BOISSEAU & DEAN LLP
BARRY J. KUSINITZ (NO. 1404)


                    /s/ *Barry J. Kusinitz*
                   BARRY J. KUSINITZ

155 South Main Street, Suite 405
Providence, Rhode Island  02903
Telephone:  401/831-4200
401/831-7053 (fax)

[Proposed] Liaison Counsel

COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
MARIO ALBA JR.
58 South Service Road, Suite 200
Melville, NY 11747
Telephone:  631/367-7100
631/367-1173 (fax)

LABATON SUCHAROW LLP
CHRISTOPHER J. KELLER
ALAN I. ELLMAN
STEFANIE J. SUNDEL
140 Broadway
New York, NY 10005
Telephone:  212/907-0700
212/818-0477 (fax)

[Proposed] Lead Counsel

- 11 -

## CERTIFICATE OF SERVICE

I, Barry J. Kusinitz, hereby certify that on January 19, 2010, I caused a true and

correct copy of the attached:

> Notice of Motion for Appointment as Lead Plaintiff and Approval of Selection of Lead and Liaison Counsel;

> Memorandum in Support of the Motion of the Massachusetts Retirement Systems for Appointment as Lead Plaintiff and Approval of Selection of Lead and Liaison Counsel; and

> Declaration of Barry J. Kusinitz in Support of the Motion of the Massachusetts Retirement Systems for Appointment as Lead Plaintiff and Approval of Selection of Lead and Liaison Counsel,

to be served: (i) electronically on all counsel registered for electronic service for this

case; and (ii) by first-class mail to any additional counsel.


_____ */s/ Barry J. Kusinitz*_____
Barry J. Kusinitz

CVS CAREMARK

Service List - 1/19/2010    (09-0213)

Page 1 of  1

**Counsel For Defendant(s)**

William R. Grimm

Hinckley, Allen & Snyder, LLP

50 Kennedy Plaza, Suite 1500

Providence, RI  02903

   401/274-2000

   401/277-9600 (Fax)


**Counsel For Plaintiff(s)**

| | |
|---|---|
| Barry J. Kusinitz<br>Attorney at Law<br>155 South Main Street, Suite 405<br>Providence, RI  02903<br>   401/831-4200<br>   401/831-7053 (Fax) | Samuel H. Rudman<br>David A. Rosenfeld<br>Mario  Alba Jr.<br>Coughlin Stoia Geller Rudman & Robbins LLP<br>58 South Service Road, Suite 200<br>Melville, NY  11747<br>   631/367-7100<br>   631/367-1173 (Fax) |
| Christopher J. Keller<br>Labaton Sucharow LLP<br>140 Broadway, 34th Floor<br>New York, NY  10005<br>   212/907-0700<br>   212/818-0477 (Fax) | Deborah R. Gross<br>Robert P. Frutkin<br>Law Offices Bernard M. Gross, P.C.<br>100 Penn Square East, Suite 450<br>Wanamaker Bldg.<br>Philadelphia, PA  19107<br>   215/561-3600<br>   215/561-3000 (Fax) |