UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

Richard Medoff

    v.                                  Civil No. 09-cv-544-JNL

CVS Caremark Corp., et al.

**ORDER CERTIFYING A CLASS, PRELIMINARILY
APPROVING SETTLEMENT, AND PROVIDING FOR NOTICE**

WHEREAS, an action is pending before this Court entitled Richard Medoff v. CVS Caremark Corporation, et al., No. 1:09-cv-00554-JNL-PAS (D.R.I.) (the "Litigation");

WHEREAS, the parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the Settlement of this Litigation, in accordance with a Stipulation of Settlement dated as of August 24, 2015[1] (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

WHEREAS, unless otherwise defined, all terms used herein have the same meanings as set forth in the Stipulation.

---

[1]Document no. 122.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court has reviewed the Stipulation and does hereby preliminarily approve the Settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

2. A hearing (the "Settlement Hearing") shall be held before this Court on **Tuesday, January 19, 2016, at 10:00 A.M.**, at the United States District Court for the District of New Hampshire, 55 Pleasant Street, Courtroom 2, Concord, New Hampshire 03301-3941, to determine: (a) whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class and should be approved by the Court; (b) whether the court should enter a final judgment and order of dismissal with prejudice; (c) whether the proposed plan of distribution of settlement proceeds ("Plan of Allocation") is fair, reasonable, and adequate and should be approved; (d) the amount of fees and expenses that should be awarded to Lead Counsel; and (e) the amount of expenses to be awarded to Co-Lead Plaintiffs.

3. The Court hereby certifies, for settlement purposes only, pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, a Class defined as follows:

>All persons and entities who purchased, or otherwise acquired, CVS Caremark common stock between October 30, 2008 and November 4, 2009, inclusive, and were damaged thereby. Excluded from the Class are Defendants; the other officers and directors of CVS Caremark; members of the immediate families of any excluded person; the legal representatives, heirs, successors, or assigns of any excluded person or entity; and any entity controlled by, or in which Defendants have or had a controlling interest. Also excluded from the Class is any Class Member that validly and timely requests exclusion from the Class.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of settlement only, Co-Lead Plaintiffs are appointed as representatives of the Class, and Lead Counsel Robbins Geller Rudman & Dowd LLP and Labaton Sucharow LLP are appointed as class counsel for the Class.

5. With respect to the Class, the Court finds, solely for purposes of effectuating the Settlement, that the prerequisites for a class action under Rules 23(a) and 23(b)(3) have been satisfied as: (a) the Members of the Class are so numerous that joinder of all Class Members in the class action is impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual questions; (c) the claims of Co-Lead Plaintiffs are typical of the claims of the Class; (d) Co-Lead Plaintiffs and their counsel have fairly and adequately represented and protected the interests of all Class Members; and (e) a class action is superior to other available

methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of Members of the Class in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Class; (iii) the desirability or undesirability of continuing the Litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the Litigation.

6. The Court has reviewed and approves, as to form and content, the Notice of Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and Summary Notice attached to the Stipulation as Exhibits A-1, A-2, and A-3, respectively, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice, substantially in the manner and form set forth in ¶¶7-8 of this Order, meet the requirements of Federal Rule of Civil Procedure 23 and due process, and are the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

7. The firm of A.B. Data ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure

as well as the processing of claims as more fully set forth below:

    (a)    Defendants shall provide, or cause to be provided, to Lead Counsel or the Claims Administrator, at no cost to Co-Lead Plaintiffs, within five (5) business days after the Court signs this Order, transfer records in electronic searchable form, such as Excel, containing the names and addresses of Persons who purchased or otherwise acquired CVS Caremark common stock during the Class Period;

    (b)    Not later than November 24, 2015 (the "Notice Date"), the Claims Administrator shall commence mailing the Notice and Proof of Claim, substantially in the forms annexed hereto, by First-Class Mail to all Class Members who can be identified with reasonable effort and to be posted on its website at www.CVSsecuritiesSettlement.com;

    (c)    Not later than fourteen (14) calendar days after the Notice Date, the Claims Administrator shall cause the Summary Notice to be published once in the national edition of Investor's Business Daily and once over a national newswire service; and

  (d) At least seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

  8. Nominees who purchased or acquired CVS Caremark common stock for the beneficial ownership of Class Members during the Class Period shall send the Notice and the Proof of Claim to all such beneficial owners of CVS Caremark common stock within ten (10) calendar days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) calendar days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners. Lead Counsel shall, if requested, reimburse banks, brokerage houses or other nominees solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Class Members out of the Settlement Fund, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation.

9. All Members of the Class shall be bound by all determinations and judgments in the Litigation concerning the Settlement, whether favorable or unfavorable to the Class.

10. Class Members who wish to participate in the Settlement shall complete and submit Proofs of Claim in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proofs of Claim must be postmarked or submitted electronically no later than one hundred-twenty (120) days from the Notice Date. Any Class Member who does not timely submit a Proof of Claim within the time provided for, shall be barred from sharing in the distribution of the proceeds of the Settlement Fund, unless otherwise ordered by the Court. Notwithstanding the foregoing, Lead Counsel may, in their discretion, accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.

11. Any Member of the Class may enter an appearance in the Litigation, at their own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Lead Counsel.

12. Any Person falling within the definition of the Class may, upon request, be excluded or "opt out" from the Class. Any such Person must submit to the Claims Administrator a signed

request for exclusion ("Request for Exclusion") such that it is postmarked no later than January 6, 2016. A Request for Exclusion must state: (i) the name, address, and telephone number of the Person requesting exclusion; (ii) a list identifying the amount and date of each purchase, acquisition, and sale of CVS Caremark common stock and the price paid and/or received for any transaction involving CVS Caremark common stock between October 30, 2008 and November 4, 2009, inclusive; and (iii) that the Person wishes to be excluded from the Class. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph and the Notice shall have no rights under the Settlement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement or any final judgment.

    13.  Any Member of the Class may appear and show cause why the proposed Settlement of the Litigation should or should not be approved as fair, reasonable, and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, why attorneys' fees and expenses should or should not be awarded to Lead Counsel, or why the expenses of Co-Lead Plaintiffs should or should not be awarded; provided, however, that no Class Member or any other Person shall be heard or entitled to contest such matters, unless

that Person has: (1) delivered by hand or sent by First-Class Mail written objections and copies of any papers and briefs such that they are received, not simply postmarked, on or before January 6, 2016, by Robbins Geller Rudman & Dowd LLP, Robert M. Rothman, 58 South Service Road, Suite 200, Melville, NY 11747; Labaton Sucharow LLP, Jonathan Gardner, 140 Broadway, 34th Floor, New York, NY 10005; and Williams & Connolly LLP, Steven M. Farina, 725 Twelfth Street, N.W., Washington, D.C. 20005; and (2) filed said objections, papers, and briefs with the Clerk of the United States District Court for the District of Rhode Island, Federal Building and Courthouse, One Exchange Terrace, Providence, Rhode Island 02903, on or before January 6, 2016. Any Member of the Class who does not make his, her, or its objection in the manner provided herein and in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Lead Counsel or expenses of Co-Lead Plaintiffs, unless otherwise ordered by the Court.

14. All funds held by the Escrow Agent shall be deemed and considered to be in custodia legis of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such

funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

15. All opening briefs and supporting documents in support of the Settlement, the Plan of Allocation, and any application by Lead Counsel for attorneys' fees and expenses or by Co-Lead Plaintiffs for their expenses shall be filed and served by December 15, 2015. Replies to any objections shall be filed and served by January 12, 2016.

16. Neither the Defendants and their Related Parties nor Defendants' counsel shall have any responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Counsel or Co-Lead Plaintiffs, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

17. At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees or payment of expenses shall be approved.

18. All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither Co-Lead Plaintiffs nor any of their

counsel shall have any obligation to repay any amounts incurred and properly disbursed pursuant to ¶¶2.6 or 2.7 of the Stipulation.

19. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by the Defendants of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind.

20. The Court may continue or adjourn the Settlement Hearing without further notice to the Members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

21. If the Stipulation and the Settlement set forth therein is not approved or consummated for any reason whatsoever, the Stipulation and Settlement and all proceedings had in connection therewith shall be without prejudice to the rights of the Settling Parties status quo ante.

22. Pending final determination of whether the proposed Settlement should be approved, neither Co-Lead Plaintiffs nor any

Class Member, directly or indirectly, representatively, or in any other capacity, shall commence or prosecute against any of the Defendants, any action or proceeding in any court or tribunal asserting any of the Released Claims.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated: November 9, 2015

cc:  Barry J. Kusinitz, Esq.
     David A. Rosenfeld, Esq.
     Deborah R. Gross, Esq.
     Robert M. Rothman, Esq.
     William R. Grimm, Esq.
     David K. Baumgarten, Esq.
     Katherine M. Turner, Esq.
     Leslie C. Mahaffey, Esq.
     Margaret E. Keeley, Esq.
     Matthew H. Blumenstein, Esq.
     Mitchell R. Edwards, Esq.
     Steven M. Farina, Esq.
     Bailie L. Heikkinen, Esq.
     Christine M. Fox, Esq.
     Christopher M. Barrett, Esq.
     Erin W. Boardman, Esq.
     Guillaume Buell, Esq.
     Jonah H. Goldstein, Esq.
     Jonathan Gardner, Esq.
     Robert J. Robbins, Esq.
     Serena P. Hallowell, Esq.